UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
JORGE PENA,                                                 :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                                    Plaintiff,              :
                                                            :   20-cv-3445 (BMC)
                  - against -                               :
                                                            :
NEW JERSEY MANUFACTURERS                                    :
INSURANCE COMPANY,                                          :
                                                            :
                                    Defendant.              :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff Jorge Pena was injured in a car accident and brought this action to recover insurance benefits pursuant to a commercial automobile policy issued by New Jersey Manufacturers Insurance Company ("NJM") to his employer, Prospect Transportation, Inc. ("Prospect"). NJM seeks to dismiss the action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue to the District of New Jersey. The motion is granted and the case is transferred to the District of New Jersey.

## BACKGROUND[1]

Plaintiff is a New York resident employed by non-party Prospect, a New Jersey corporation with its principal place of business in New Jersey. Prospect owns and insures vehicles for its employees' use. On December 5, 2015 in Queens, New York, plaintiff was operating a New Jersey-registered GMC motor vehicle (the "insured vehicle") in New York

---

[1] Unless otherwise noted, the below facts are taken from plaintiff's complaint and assumed to be true for purposes of this motion. See Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019).

when he was struck by a 2014 Toyota motor vehicle operated by Andrew Franco.[2]  Plaintiff sustained a serious injury from the crash and ultimately settled for the maximum insurance benefits from both Franco and the Toyota's owner.

The insured vehicle was covered under an insurance policy issued by defendant (also a New Jersey corporation with its principal place of business in New Jersey) to Prospect and/or Prospect's subsidiary, Alternative Fuels Transportation, Inc.  The insurance policy contained Uninsured / Underinsured Motorist ("UM / UIM") coverage, which pays benefits to the insured in excess of third-party coverage limits when third parties are at fault for automobile accidents and the third parties are uninsured or underinsured.

Plaintiff contends that the settlements were insufficient to compensate him for his injuries and he now seeks to recover additional damages under the UM / UIM coverage provision of his employer's insurance policy.  Plaintiff claims defendant breached the insurance policy contract because defendant did not pay plaintiff required benefits under the policy.

Defendant moves to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer venue to the District of New Jersey.  For the reasons described below, the Court finds that it lacks personal jurisdiction over defendant in this case, and the case will therefore be transferred to the District of New Jersey.

---

[2] Plaintiff alleged in his complaint that the car he was driving had a New York license plate, but the police report from the accident, submitted by defendant on reply, noted the state of registration of the vehicle as New Jersey. Defendant also submitted an affidavit stating that it only offers automobile insurance policies to residents of New Jersey, and the insurance policy's declarations supplement demonstrating that all of the covered automobiles are garaged in New Jersey.  Due to this conflict, the Court held a conference on July 8, 2021, to ask plaintiff whether he had any basis for alleging that the insured vehicle at issue was a New York vehicle.  Counsel confirmed that the allegation in the complaint is mistaken and that there is no dispute that the vehicle was registered in New Jersey.

## DISCUSSION

On a motion to dismiss for lack of personal jurisdiction, "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Where such a motion is raised prior to discovery, the plaintiff need only make a "*prima facie* showing of jurisdiction." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998) (quotation marks omitted). Accordingly, "the plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction as to each defendant." S.E.C. v. Straub, 921 F. Supp. 2d 244, 251 (S.D.N.Y. 2013) (quotation marks omitted). "Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits – subject, of course, to certain constitutional limitations of due process." Blau v. Allianz Life Ins. Co. of N. Am., 124 F. Supp. 3d 161, 171 (E.D.N.Y. 2015) (quoting Henderson v. I.N.S., 157 F.3d 106, 123 (2d Cir. 1998)).

### I. General Jurisdiction

Although it is clear that plaintiff is seeking to predicate personal jurisdiction over NJM under New York's long-arm statute, C.P.L.R. § 302(a)(1), it is unclear whether he is alternatively seeking to assert general jurisdiction by reason of all of NJM's business activities in New York. He cites two facts relating to the business that NJM does in New York: (1) NJM is authorized to do business in New York; and (2) its website recites that "we offer Commercial Auto policies in New Jersey, New York, and Pennsylvania," as well as offering workers' compensation policies in New York.[3]

---

[3] NJM argues that the information on its website cited by plaintiff is "inadmissible hearsay" (it is not, it's an admission by a party opponent, see Fed. R. Evid. 801(d)(2)), and that because the website is dated three years after the accident at issue here, the website is "immaterial" to whether NJM is subject to general jurisdiction (which it may be, but NJM has cited no authority to support its argument that the date to assess contacts is some date in the past rather than when the action is commenced).

NJM responds that it has no offices in New York and, in fact, only writes automobile insurance policies for New Jersey businesses. Although it will cover vehicles owned by New Jersey businesses that also have New York offices or New York-licensed vehicles, that has only happened on one or two occasions (not in the instant case).

To the extent plaintiff is arguing for general jurisdiction, however, he misses the point by ignoring the sea-change in the law brought about by the Supreme Court's decision in Daimler AG v. Bauman, 571 U.S. 117 (2014), and its progeny. Plaintiff does not cite Daimler, and all of the cases he cites arguably for the purpose of sustaining general jurisdiction over defendant predate Daimler. In the seven years since Daimler, the determination of whether general jurisdiction is consistent with due process no longer consists of counting up the contacts with the foreign jurisdiction and determining whether that constitutes "enough" business so that the exercise of jurisdiction would be "fair." Rather, the Daimler test is whether the out of state defendant is "essentially at home" in the foreign state, 571 U.S. at 127 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)), that is, whether its activities and operations are as substantial or at least approaching a level of being as substantial as those in which it engages in its home forum. "The paradigmatic forums where a corporate defendant is essentially at home are 'where it is incorporated' and where it 'has its principal place of business.'" Kerman v. Intercontinental Hotels Grp. Res. LLC, No. 20-cv-1085, 2021 WL 930253, at *5 (E.D.N.Y. Mar. 11, 2021) (quoting Daimler, 571 U.S. at 137 (2014)). "'Only in the "exceptional" case will' a corporate defendant be essentially at home in any other jurisdiction." Id. (quoting, among others, Brown v. Lockheed Martin Corp., 814 F.3d 619, 627 (2d Cir. 2016)).

Relying on largely outdated law, plaintiff has not attempted to make out a *prima facie* case of general jurisdiction under Daimler and its progeny. There is no way on this record that NJM is "essentially at home" in New York even crediting plaintiff's characterization of its New York business. NJM is thus not subject to general jurisdiction in New York.

## II. Specific Jurisdiction

Plaintiff claims that defendant is subject to jurisdiction in New York under C.P.L.R. § 302(a)(1) because NJM is authorized to issue commercial automobile policies in New York and solicits such business via its website, and the automobile crash at issue occurred in New York. Defendant argues that, in addition to lacking the minimum contacts sufficient for any personal jurisdiction, the instant claim does not arise out of a transaction in New York because the transaction at issue is the New Jersey insurance policy, not the automobile crash.

C.P.L.R. § 302(a) confers "specific" jurisdiction over a defendant if the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state" and the cause of action arises from those acts. N.Y. C.P.L.R. § 302(a)(1). Plaintiff relies on New York Insurance Law § 1101 for the definition of "doing business" to conclude that jurisdiction is proper over the defendant.[4] But "doing business" for purposes of the Insurance Law is not the same thing as "transact[ing] any business" for personal jurisdiction. The

---

[4] The law states, in relevant part:

> (b)(1) Except as otherwise provided in this subsection, any of the following acts in this state, effected by mail from outside this state or otherwise, by any person, firm, association, corporation or joint-stock company shall constitute doing an insurance business in this state and shall constitute doing business in the state within the meaning of section three hundred two of the civil practice law and rules:
> (A) making, or proposing to make, as insurer, any insurance contract, including either issuance or delivery of a policy or contract of insurance to a resident of this state or to any firm, association, or corporation authorized to do business herein, or solicitation of applications for any such policies or contracts.

N.Y. Ins. Law § 1101.

Insurance Law requires that a company "do[ing] an insurance business" in New York be authorized to do so by a license; it does not define the contacts that are sufficient to subject the insurer to legal process in the State.

Contracting to insure property located within a jurisdiction may provide a basis for a court's jurisdiction over the insurer in suits concerning that insurance. See Armada Supply Inc v. Wright, 858 F.2d 842, 849 (2d Cir. 1988). But that is not the case here. The insured vehicle was a New Jersey-registered vehicle. The contract covering the vehicle was made in New Jersey between two New Jersey companies and it covered only New Jersey vehicles. The contract thus arises out of a New Jersey transaction – not a New York transaction. This is because the unilateral action of an insured party driving into New York and having an accident there, without more, does not confer jurisdiction over the insurer. See New York Cent. Mut. Ins. Co. v. Johnson, 260 A.D.2d 638, 639, 688 N.Y.S.2d 681, 681 (2d Dep't 1999); see also Franklin v. Catawba Ins. Co., 291 A.D.2d 371, 371, 737 N.Y.S.2d 378, 378 (2d Dep't 2002) (defendant insurer not subject to personal jurisdiction where "plaintiffs failed to produce evidence demonstrating that the defendants transacted business or contracted to provide goods or services in New York"); Appollon Waterproofing & Restoration Corp. v. Kodiak Ins. Co., 237 A.D.2d 552, 552, 655 N.Y.S.2d 635, 635 (2d Dep't 1997) (same); Sound Around Inc. v. Audiobahn, Inc., No. 07-cv-773, 2008 WL 5093599, at *9 (E.D.N.Y. Nov. 24, 2008) (declining to exercise jurisdiction where defendant was authorized to do business in the state but there was no evidence that the defendant sold into New York the "specific products involved in [the] lawsuit").

Plaintiff's reliance on allegations that NJM is authorized to do business and at times solicits other lines of business in New York is misplaced. To satisfy § 302(a), the cause of action must arise from the defendant's acts in New York. The cause of action here, arising from an

insurance contract between two New Jersey companies for a New Jersey vehicle, does not arise from any act by NJM in New York. Accordingly, there is no specific personal jurisdiction over defendant.

### III. Venue

Defendant seeks dismissal of this case or, in the alternative, transfer to the District of New Jersey. The court "has [the] power to transfer venue even if it lacks personal jurisdiction over the defendant[]." Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001). Transfer rather than dismissal is proper. There is a preference for transferring cases rather than dismissing them when doing so increases efficiency. See Hawkins v. Well Path, LLC, No. 19-cv-8969, 2020 WL 4287447, at *6-7 (S.D.N.Y. July 27, 2020) (transfer appropriate where plaintiff is likely to refile in the proper venue).

A court may, in the interest of justice, transfer the case to a district in which the case could have been brought. 28 U.S.C. §§ 1404(a) & 1406(a). It is apparent that this case could have been brought in New Jersey. "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." Ragner Tech. Corp. v. Berardi, 287 F. Supp. 3d 541, 550 (D.N.J. 2018). Defendant is a citizen of New Jersey and is therefore subject to general personal jurisdiction in New Jersey due to its continuous and systematic contacts with the State, see Daimler, 571 U.S. at 127, and venue is thus proper in the District of New Jersey. See 28 U.S.C. § 1391(b).

## CONCLUSION

Defendant's motion to transfer venue to the District of New Jersey is granted.

**SO ORDERED.**

                                                             Digitally signed by Brian M. Cogan
                                                                                 U.S.D.J.

Dated: Brooklyn, New York
        July 14, 2021